**ELECTRONICALLY FILED**
2020 Nov 13 AM 10:27
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-001763-CE

<u>Kevin Carroll</u>

vs.

<u>Mid-Kansas Investment, Inc.</u>

**SUMMONS**

### Chapter 60 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

**Mid-Kansas Investment, Inc.**
**c/o  Brad Schlozman**
**Hinkle Law Firm LLC**
**1617 N. Waterfront Pkwy Suite 400**
**Wichita, KS  67206**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Nathan R. Elliott
218 N Mosley
Wichita, KS 67202

within 21 days after service of summons on you.



Clerk of the District Court
Electronically signed  on 11/13/2020 12:49:11 PM

**Documents to be served with the Summons:**
Petition



ELECTRONICALLY FILED
2020 Nov 12 PM 4:15
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-001763-CE

**IN THE EIGHTEENTH JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS DISTRICT COURT
CIVIL DIVISION**

| | |
|---|---|
| KEVIN CARROLL, | |
| Plaintiff, | |
| v. | Case No. |
| MID-KANSAS INVESTMENT, INC. | Demand for Jury Trial |
| Defendant. | |

**PETITION**

Plaintiff, Kevin Carroll, by and through counsel, brings this action against the Defendant, Mid-Kansas Investment, Inc., for unlawful retaliatory discharge in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and Kansas Wage Payment Act, K.S.A. 44-313, *et seq.* ("KWPA"). In support of his claims, Plaintiff alleged as follows:

1. Plaintiff Kevin Carroll is a citizen and resident of Sedgwick County, Kansas.

2. Defendant Mid-Kansas Investment, Inc. ("MKI") is a Kansas for-profit corporation, organized and existing under the laws of the State of Kansas. MKI can be served by service upon its Resident Agent, Dustin DeVaughn, at its Registered Office, 3241 Toben St., Wichita, KS 67226.

3. Venue is proper in this Court pursuant to K.S.A. 60-604(1) and (3).

4. This Court has subject matter jurisdiction over the matters at issue and personal jurisdiction over MKI.

5. MKI owns and operates Midwest Superstore, located in Hutchinson, Kansas. Midwest Superstore is a new and used car dealership and automotive body shop.

6. Plaintiff was employed by MKI, as an automotive painter, at Midwest Superstore automotive body shop, from approximately April 1, 2019 through approximately February 14, 2020.

7. MKI is an enterprise engaged in interstate commerce for purposes of the FLSA because its annual gross volume of sales and business done is not less than $500,000.00, and because it employs two or more employees who are afforded individual coverage under the FLSA and because it employs two or more employees who handle, sell, and otherwise work on goods and materials that have been moved in or produced for commerce.

8. Plaintiff was engaged in interstate commerce for purposes of the FLSA each week that he was employed by MKI. Specifically, Plaintiff routinely performed repairs on automobiles using parts and equipment that were produced in and procured through interstate commerce.

9. While Plaintiff was employed by MKI, Plaintiff was paid on a "flag hour" basis. Plaintiff was assigned a "flag rate" of $21.00. Each task that Plaintiff was to perform was assigned a predetermined number of "flag hours," which are intended to approximate the amount of time the average technician would take to complete the task. For each task completed, Plaintiff was to be paid his flag rate times the flag hours assigned to that task. Thus, the number of flag hours worked or paid did not correspond to the actual number of hours Plaintiff worked.

10. Plaintiff was not paid overtime premium for hours worked in excess of forty per workweek. Plaintiff's rate of pay for actual hours worked in excess of forty per workweek was the same as his rate of pay for the first forty.

11. Before performing a task, Plaintiff was advised by MKI as to how many flag hours he would be paid for completing the task. Plaintiff typically tracked the flag hours that he was to receive for tasks completed during each pay period.

12. MKI paid Plaintiff on a biweekly basis. When Plaintiff would receive his paycheck and accompanying paystub, he would compare the flag hours for which he received payment with the flag hours that he had accumulated during that pay period.

13. Frequently, the amount of flag hours for which Plaintiff received payment was less than the amount of flag hours that he had accumulated during that pay period. Plaintiff would frequently bring this to the attention of the body shop manager, and sometimes it would be rectified, while other times it would not.

14. On or about February 14, 2020, Plaintiff was in the body shop discussing the frequent shorting of his paychecks with another employee, who reported that MKI frequently shorted his pay as well. Deb Robbins, an MKI employee who worked in the Midwest Superstore office, overheard Plaintiff's conversation with his coworker, and reported that conversation to the body shop manager, Becky Taylor.

15. Becky Taylor then accosted Plaintiff in the body shop and told him that she was advised that Plaintiff had been discussing pay problems with a coworker. Taylor told Plaintiff that he was not allowed to discuss pay problems with coworkers and that he should already know that.

16. Plaintiff complained to Taylor about MKI repeatedly paying him less flag hours than he had accumulated. Plaintiff explained that he believed MKI was "double ticketing," meaning MKI would provide him a job ticket showing the flag hours for a task, but would then base his pay on a different job ticket, showing less flag hours for the task, after Plaintiff had already completed the task. Plaintiff contended that he had a right to receive all wages that he had earned, and he would not tolerate the theft of his wages.

17. Several hours later, Plaintiff was summoned to the office and was informed by Taylor that he was fired. Taylor gave Plaintiff a "Separation Notice" stating that he was discharged

for insubordination, for accusing Taylor of double ticketing, for accusing MKI of not being fair, and for accusing Taylor of taking money away from him and other technicians. Taylor further told Plaintiff that he was also being terminated for discussing his pay issues with coworkers.

18. Plaintiff's oral complaints to MKI regarding the theft of his commissions and the resulting failure to pay him all wages due, relates to the 29 U.S.C. § 207(i) exemption and is therefore a protected activity under the FLSA pursuant to 29 U.S.C. §215(a)(3). Plaintiff suffered an adverse employment action when MKI terminated his employment. A causal connection exists between Plaintiff's protected activity and MKI's termination of his employment. MKI violated the FLSA's non-retaliation provision and Kansas public policy by terminating Plaintiff's employment in response to him engaging in protected activity.

19. Plaintiff's oral complaints to MKI regarding MKI not paying him the full wages that he was owed was an activity protected by the KWPA. Plaintiff suffered an adverse employment action when MKI terminated his employment. A causal connection exists between Plaintiff's protected activity and MKI's termination of his employment. MKI violated Kansas law when it terminated Plaintiff's employment in retaliation for invoking his rights under the KWPA.

20. MKI's violations of the FLSA and Kansas law were flagrant, intentional, and willful.

21. MKI's unlawful conduct caused, and continues to cause, Plaintiff damages and harm.

WHEREFORE, Plaintiff Kevin Carroll prays that judgment be entered in his favor and against Defendant Mid-Kansas Investment, Inc., in an amount in excess of $75,000.00, representing lost wages, liquidated damages, front pay, back pay, compensatory damages, prejudgment interest, attorneys' fees, costs, and such other relief as the Court deems appropriate.

**Plaintiff demands trial by jury on all issues so triable, including the formation of any alleged arbitration agreement should Defendant assert any arbitration agreement.**

DATE: November 12, 2020.

SUBMITTED BY:

GRAYBILL & HAZLEWOOD, LLC

/s/ Nathan Elliott
Sean M. McGivern, #22932
Nathan R. Elliott, #24657
218 N. Mosley
Wichita, KS 67202
Telephone: (316) 266-4058
Facsimile: (316) 462-5566
sean@graybillhazlewood.com
nathan@grabillhazlewood.com
*Attorneys for Plaintiff*