IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN CARROLL,

        Plaintiff,

v.                                           Case No. 20-1333-JWB

MID-KANSAS INVESTMENT, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's motion to remand (Doc. 16) and Defendant's motion to dismiss. (Doc. 10.) The motions have been fully briefed and the court is prepared to rule. (Docs. 11, 17, 18, 22, 23.) For the reasons stated herein, Plaintiff's motion to remand is GRANTED and Defendant's motion to dismiss is DENIED AS MOOT.

**I.    Facts and Procedural History**

On November 12, 2020, Plaintiff filed this action in Sedgwick County, Kansas. (Doc. 1.) It was removed on November 25 to this court. Plaintiff's state court petition alleged that he was previously employed by Defendant Mid-Kansas Investment and that he was unlawfully terminated in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 and the Kansas Wage Payment Act ("KWPA"), K.S.A. 44-313. (Doc. 1, Exh. 1.) Plaintiff's petition alleges that he was not paid for all the hours that he worked. On or about February 14, 2020, Plaintiff contends that he complained to the shop manager and another employee that he was being shorted on his pay. Plaintiff allegedly told his shop manager that he had a right to receive all the wages that he earned. Later that day, Plaintiff was summoned to the office and terminated by the shop manager. Plaintiff

1

alleges that he was terminated in retaliation for complaining about Defendant's failure to pay his wages due in violation of both the FLSA and KWPA.

Defendant moved to dismiss both counts arguing that Plaintiff did not engage in protected activity under the FLSA, the KWPA does not have an anti-retaliation provision, and that Plaintiff has not plausibly alleged a common law retaliation claim. (Docs. 10, 11.) After the motion to dismiss was filed, Plaintiff filed an amended complaint. (Doc. 15.)

In his amended complaint, Plaintiff only asserts a claim for retaliation under the KWPA. Plaintiff contends that he does not seek redress under any federal law. (Doc. 15 at 5.) Upon filing his amended complaint, Plaintiff also moved to remand this action to state court. (Doc. 16.) Defendant opposes the motion to remand arguing that this court should exercise its discretion and retain this action. Alternatively, Defendant seeks an order enjoining Plaintiff from asserting any federal claims at a later date with regards to the matter at issue in this case to prevent forum manipulation. (Doc. 22 at 2-3.)

**II.     Analysis**

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." When a court has original jurisdiction over one claim, it also has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

However, a court may decline to exercise supplemental jurisdiction over this claim if: "the claim raises a novel or complex issue of State law; [ ] the claim substantially predominates over

2

the claim or claims over which the district court has original jurisdiction; [ ] the district court has dismissed all claims over which it has original jurisdiction; or [ ] in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c).

Plaintiff asserts that this court should remand the action because the issue is a novel issue of Kansas state law and the federal claim has been dismissed. Defendant objects to remanding the case and instead requests that the court exercise supplemental jurisdiction under § 1367. This court has discretion when deciding whether to retain jurisdiction over a state law claim when the federal claims have been dismissed. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); 28 U.S.C. § 1367(c). The Tenth Circuit has instructed that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (citation omitted). The Supreme Court has also instructed that when federal law claims are dropped out of the suit in the early stages, "the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

In this case, the parties have yet to conduct an initial scheduling conference and the magistrate judge has issued a stay on discovery and related proceedings due to the pending dispositive motions. (Docs. 19, 24.) Therefore, no substantial case activity has occurred. The remaining claim is one of Kansas state law and Defendant has raised the issue as to whether the KWPA provides a claim of retaliation. These considerations weigh in favor of declining jurisdiction. *See Carnegie-Mellon Univ.*, 484 U.S. at 350.

Defendant is concerned that Plaintiff is engaging in forum shopping by dropping his federal claim and seeking a remand. Defendant asks the court to enjoin Plaintiff from bringing a federal

3

claim at a later date. Based on the activity in this case, however, the court cannot conclude that Plaintiff is engaging in forum shopping and that such a sanction is necessary.

Plaintiff's amended complaint states that Plaintiff is not seeking a remedy under federal law. Moreover, in his reply, Plaintiff states that he dropped the federal claim, in part, based on the legal arguments raised in Defendant's motion to dismiss. (Doc. 23 at 1.) Plaintiff also states that, in the event he seeks to add an FLSA retaliation claim at a later date, he will confer with Defendant to discuss "proactive resolution" to include reimbursement of "the removal fee, and [] the time reasonably spent by Defendant's counsel on the Notice of Removal (Doc. 1) and the Response to the Motion to Remand (Doc. 22)." (*Id.*)

Based on Plaintiff's representations, the Tenth Circuit's direction regarding state law claims, and the fact that this action is in the beginning stages, the court will decline jurisdiction of the remaining claim and remand this matter to state court.

### III. Conclusion

Plaintiff's motion to remand (Doc. 16) is GRANTED. Defendant's motion to dismiss (Doc. 10) is DENIED AS MOOT.

The clerk is instructed to remand this action to Sedgwick County District Court.

IT IS SO ORDERED. Dated this 19th day of February, 2021.

    __s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE